**Linda Carriger DILLOW, Respondent-Appellant,**

v.

**Tommy Roger DILLOW, Petitioner-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Oct. 13, 1978.

Certiorari Denied by Supreme Court Dec. 29, 1978.

Robert D. Arnold, Johnson City, for respondent-appellant.

John B. McKinnon, III, Johnson City, for petitioner-appellee.

## OPINION

GODDARD, Judge.

Linda Carriger Dillow, Respondent-Appellant, appeals an order of the Chancery Court for Washington County which modified the support and custody provisions of a divorce decree, and also forgave child support arrearage. By her assignments of error she insists that because there had not been a sufficient change in circumstance the Chancellor abused his discretion in modifying the decree.

The final decree for divorce was entered on August 26, 1977, after a hearing held on July 13. It recited that the parties had reached a property settlement agreement. The agreement, which was confirmed by the Court, provided, *inter alia,* the following: (1) the wife is to receive absolute custody of the parties' two minor children, subject to specified visitation privileges by the husband, (2) the husband is prohibited from having the children in the company of Gail Lell (a lady with whom he was keeping company prior to the divorce and who he later married) or any of her children by previous marriages, (3) the husband should pay $250 per month as child support, which would be increased to $300 per month beginning July 16, 1978. On December 20, some four months after the decree was entered, Mr. Dillow filed the petition to modify.

Mr. Dillow, who is employed by Free Service Tire Company as a helicopter pilot, has a net income of $965.37 per month and he receives an additional $675 per year for service in the Army Reserve. Because of the demands of his full-time employer, there is some question whether he will be able to continue in the Reserves and continue to receive payment therefor. In any event, his income is substantially the same as when the divorce decree was entered.

He owes something over $11,000 and is reducing some of the obligations by monthly payments which total $258. Practically all of the debts, however, were either known to Mr. Dillow at the time he entered into the agreement or were within his contemplation and could have been ascertained by a cursory inquiry. In *Long v. Long,* 488 S.W.2d 729 (Tenn.App.1972), we held that a husband may not allege facts as constituting a change in circumstances if he was aware of those facts prior to the entry of the divorce decree.

It is true that circumstances have changed in that Mr. Dillow has remarried and is bearing some responsibility for the support of two of his present wife's minor children, the support payments from their father being $100 a month, which amount is not regularly paid. With regard to the contention regarding his new family, obligations voluntarily assumed are not proper to be considered as changed circumstance to reduce support payments otherwise owed. Further, Mr. Dillow's testimony that he did not intend to marry his present wife at the time the divorce was granted is incredible in light of the proof that they both had a blood test one week before the hearing, the license was procured the day of the hearing, and they were married the next day, which was over a month before the divorce decree was entered.

In summary, insofar as the child support is concerned, we are of the opinion that in light of the foregoing there has not been sufficient change in circumstance to warrant changing a consent decree, and thus the Chancellor abused his discretion in modifying that portion of the decree.

With regard to the modification in custody, while we recognize that the Respondent bitterly opposes her children associating with the present Mrs. Dillow or her children, we are frank to say that the record before us does not contain any facts which would show association with her would be detrimental to the children. The strongest thing that could be said is that she has been married six times, and of course if this pattern continues the problem will be resolved in due course. In any event, we are of the opinion, even though, as above noted, we are satisfied Mr. Dillow intended to marry at the time the divorce was granted, that because the interests of the children are involved, his agreement regarding visitation should not be given as much weight as that regarding child support. We are of the further opinion that it is important for the children's welfare that they have a meaningful relationship with their father and, consequently, it was proper for the Chancellor to modify the visitation privileges as he did.

With regard to the forgiveness of arrearages, which is a matter that also addresses itself to the sound discretion of the Chancellor, we find no abuse in view of Mr. Dillow's considerable obligations, part of which were incurred by his former wife since their separation.

In our disposition of the foregoing, we are not unmindful of Mrs. Dillow's insistence that because her husband was in contempt of court for failure to pay support payments previously ordered, he is not entitled to affirmative relief. In the first place there is no order adjudging him in contempt of court. Moreover, it is our opinion, even in those cases where a defendant has been adjudged guilty of contempt, that the court, in the exercise of its sound discretion, upon determining that a party does not have the present means to purge himself, should have the authority to grant relief.

For the foregoing reasons assignment of error number one is sustained and the original order of the Chancellor is reinstated as of January 10, 1978; assignments of error

numbers two and three are overruled and the cause remanded to the Chancery Court for Washington County. The costs of appeal are adjudged against the Petitioner.

PARROTT, P. J. (E.S.), and FRANKS, J., concur.