**Angela Marie TRONCO,
Plaintiff–Appellant,**

v.

**Powel CROSLEY, V, Defendant–
Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 2, 1991.

Permission to Appeal Denied by
Supreme Court March 30, 1992.

John D. Lockridge, Jr., and Catherine F. Quist, Lockridge & Becker, P.C., Knoxville for plaintiff-appellant.

Charles D. Susano, Jr., Susano & Sheppeard, Knoxville, for defendant-appellee.

OPINION

FRANKS, Judge.

Relying on the child support guidelines promulgated by the Department of Human

Services, the trial judge reduced the existing child support from $14,576.00 per annum to $6,582.96 per annum. We reinstate the monthly award of child support made in the original decree but modify the decree by deleting the required payment of $2,000.00 per annum as support.

The parties were divorced in March of 1989 and, in an agreement approved by the trial judge, the father agreed to pay $1,000.00 per month in child support, to be increased on an annual basis to the extent the Consumer Price Index changed and agreed to pay $2,000.00 additional in January of each year.

At the time of the divorce, the father was earning approximately $3,872.00 per month. In March of 1990, his employment was terminated and he drew unemployment for a few weeks until June 4th, when he became employed at a salary of $3,300.00 per month. On September 4, 1990, he obtained other employment with a monthly salary of $3,600.00. He remarried in May of 1990 and undertook to construct a new dwelling with expected cost in excess of $200,000.00 with overruns.

The trial judge concluded the father's job loss and ultimate re-employment at $272.00 per month less than his earnings at the time of the divorce, coupled with unanticipated construction cost of approximately $60,000.00, constituted a material change in circumstances and, upon reaching this threshold, automatically applied the child support guidelines to substantially decrease child support.

The father explained the unanticipated building cost as a $30,000.00 underestimation of the actual cost of building the house and they incurred an additional $30,000.00 due to the contractor's failure to pay subcontractors and suppliers to the construction project.

■ Financial obligations, voluntarily assumed subsequent to a divorce, do not establish a basis to reduce child support. *Jones v. Jones*, 784 S.W.2d 349 (Tenn.App. 1989); *Dillow v. Dillow*, 575 S.W.2d 289 (Tenn.App.1978). While the evidence is meager surrounding the cost overruns in building the home, we believe underestimating the building cost falls within the rule of voluntarily incurred expenditures. However, the loss of employment for a period of weeks and the lesser salary with a new employer, permit some reduction in child support. There is, however, no basis to invoke the Child Support Guidelines. The statute establishing the use of guidelines explains the percentages are merely presumptive and may be rebutted. Moreover, the enactment of the statute is not to be considered a substantial and material change in circumstances that authorizes a court to modify an existing child support order. *See* Tenn.Code Ann. § 36–5–101(e)(4).

■ Where a material change in circumstance is demonstrated, the trial court has long been empowered to adjust child support orders. The applicability of the guidelines is rebutted in this case because the parties agreed and the trial judge, at the time of the divorce, determined the needs of the child and the father's ability to pay substantially exceeded the guideline amounts. The guidelines are not appropriate on the facts of this case but, due to the father's reduction in salary of $3,300.00 per annum, the $2,000.00 a year lump sum payment in each January will be deleted from the original decree and the remainder of the decree deleted by the trial judge will be reinstated. The cause is remanded to the trial court for the entry of an order in keeping with this opinion. The cost of the appeal is assessed one-half to each party.

McMURRAY, J., and GARY WADE, Special Judge, concur.