IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 9, 2000 Session

## IN RE:  STEPHANIE ANN LINVILLE, A MINOR

**Appeal from the Juvenile Court for Rutherford County**
**No. 17847J     Ben Hall McFarland, Jr., Judge**

---

**No. M2000-01097-COA-R3-CV - Filed December 7, 2000**

---

This appeal arises from the trial court's grant of an award of child support to the appellee, the child's paternal grandmother and legal custodian, from the child's mother.  For reasons stated herein, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

W. Thomas Schmitz, Brentwood, Tennessee, for the appellant, Susan Faye Linville.

Terry A. Fann, Murfreesboro, Tennessee, for the appellee, Martha Elizabeth Linville.

### OPINION

### I.

In 1991, the appellant and her husband, Ernest Linville, filed a petition to change custody of their daughter to the appellee, Mr. Linville's mother.  The child was seven years old at the time of this petition.  The petition was granted by the juvenile court.  The agreed order stated that the appellant and Mr. Linville would provide health insurance coverage for the child and all medical, eye, drug or dental expenses.  The order further provided the parents with reasonable visitation.

In October of 1998, the appellee filed a petition in the juvenile court requesting child support based on an alleged substantial and material change in circumstances since the agreed order was entered.  Such circumstances included the appellant's employment status and her ability to pay child support commensurate with the Uniform Child Support Guidelines.

The appellant filed an answer alleging that the petition failed to state a claim upon which relief could be granted, that the appellee lacked standing, that the trial court lacked jurisdiction, and that there was a pending divorce action between the appellant and Mr. Linville wherein custody and child support could be an issue. The appellant also filed a motion to dismiss further alleging that an indispensable party, Mr. Linville, had not been named and included in the petition.

In February of 1999, after a hearing, the trial court found that it had jurisdiction to establish child support for the child.[1] The trial court set child support at $290.00 per month, an amount equal to 21% of the appellant's admitted income, and awarded the appellee child support arrearage that had accumulated since the petition was filed. The trial court scheduled a second hearing to determine the issues of visitation, counseling, and allocation of the expense of counseling.

The appellant subsequently filed a motion to file an amended answer, counter petition and a third party complaint against Mr. Linville. These pleadings requested that custody of the child be returned to the appellant, that service of process be served upon Mr. Linville, that the petition against her be dismissed or that this cause of action be stayed pending the final divorce hearing between the appellant and Mr. Linville.

After a second hearing, the trial court issued an order on March 9, 1999 finding that the child should be enrolled in a counseling program at The Rutherford County Guidance Center ("The Guidance Center") and that the appellant would be responsible for one-half of the cost of such program. The trial court further found that the appellant could "raise the issue in the future regarding the father's obligation or reimbursements regarding medical and health related expenses." The trial court then granted the appellant's motion to file an amended answer, counter petition and third party petition. The trial court further awarded the appellee a judgment against the appellant for a portion of her attorney's fees based on the finding that the petitions filed by the appellee were for the benefit of the minor child.

On March 12, 1999, the appellant filed an affidavit with the trial court alleging that the appellee had refused to allow the appellant to exercise reasonable visitation with the child in violation of the trial court's order allowing reasonable visitation. The appellant then asked the trial court to hold the appellee in contempt. After a hearing, the trial court found that the appellee was not in contempt and dismissed the petition.

On June 22, 1999, the appellee filed a motion for a final hearing and for payment of expenses alleging that the appellant had not yet paid the previously entered judgments and that there were still unresolved issues. The appellee requested that the appellant be ordered to pay the expenses incurred for the expert testimony of the counselor from The Guidance Center in an earlier hearing. The appellee subsequently filed a motion for payment of the child's orthodontic expenses.

---

[1] We note that the appellant failed to include a transcript of the evidence sent to this Court.

In October of 1999, a hearing was conducted before the juvenile court referee. The referee ordered that the appellant would pay one-half of the outstanding medical bills and child support arrearage and attorney's fees from the trial court's judgment of February 1999. The referee further found that the motion for orthodontic expenses was proper and therefore granted. The appellant was also ordered to pay the expenses for the expert testimony of the counselor from The Guidance Center. The juvenile court subsequently approved the referee's order.

The appellant now appeals and presents the following issues for our consideration:

1. Whether the trial court had jurisdiction over this matter;
2. Whether the appellee had standing to initiate this lawsuit;
3. Whether the trial court failed to follow the Tennessee Rules of Civil Procedure and the Rules of Juvenile Procedure;
4. Whether the trial court erred in granting the appellee child support;
5. Whether the trial court erred in granting the appellee child support arrearage, witness fees, orthodontic fees and attorney's fees.

We will address each of these issues in turn.

## II. SCOPE OF REVIEW

Our scope of review in this case is pursuant to Rule 13(d) of the Tennessee Rules of Appellate Procedure. In the absence of a transcript or statement of the evidence, this Court must conclusively presume that every fact admissible under the pleadings was found, or should have been found, favorable to the appellee. *In re Rockwell*, 673 S.W.2d 512, 516 (Tenn. Ct. App. 1983). The burden is upon the appellant to preserve the evidence necessary for consideration by this Court on appeal. Tenn. R. App. P. 24(b).

## III. JURISDICTION

The appellant contends that the trial court, a juvenile court, did not have jurisdiction to rewrite the 1991 juvenile court agreed order and order the appellant to pay child support to the appellee. We first recognize that juvenile courts are of limited jurisdiction with subject matter jurisdiction defined by statute. *See* Tenn. Code Ann. § 37-1-101 et. seq.; *see also Stambaugh v. Price*, 532 S.W.2d 929, 932 (Tenn. 1976). However, we also recognize that, by statute, juvenile courts have concurrent jurisdiction with probate courts to determine the custody or appoint a guardian of a child and that juvenile courts have concurrent jurisdiction with other courts to order support for minor children. Tenn. Code Ann. § 37-1-104(a)(2), (d)(1)(A)(Supp. 2000). Where, as here, the juvenile court is modifying its own previous order and ordering a party to pay child support and where no other court has assumed jurisdiction over the matter, we can find no authority supporting the appellant's argument that the juvenile court did not have jurisdiction over this matter.

The appellant further contends that the original agreed order was a complete relinquishment of the appellant's parental rights thereby emancipating the child and relieving the parents of their legal duties. However, the original order stated that it was only a change of custody. There was no mention of the termination or relinquishment of any parental rights or duties. In fact, the order specifically set out that the parents still had financial obligations with regard to the child's well being. In light of the foregoing, we cannot find that the original order was in any way a relinquishment or termination of parental rights.

The appellant next contends that the trial court did not have jurisdiction because Mr. Linville, an indispensable party, was not a party to the action and, in the absence of all indispensable parties, no valid decree can be entered. Rules 19.01 and 19.02 of the Tennessee Rules of Civil Procedure establish the general procedural rules for requiring the joinder of indispensable parties in all types of cases. Rule 19.01 of the Tennessee Rules of Civil Procedure provides in part:

> A person who is subject to the jurisdiction of the court shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.

We first point out that while the trial court granted the appellant's motion to file a third party petition against Mr. Linville, for reasons not made clear by the record before us, the appellant never followed through on joining Mr. Linville as a party to this action. We note that, in construing Federal Rule of Civil Procedure 19, which very closely resembles Tennessee Rule of Civil Procedure 19, the federal courts have held that a determination concerning joinder is a practical one and fact specific. *See Washington v. Daley*, 173 F.3d 1158, 1165 (9th Cir. 1999) (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)). In addition, the plaintiff/appellee was free to sue Mr. Linville but, for some unknown reason, chose not to. *See Mires v. Clay*, No. 02A01-9707-CV-00172, Weakley County (Tenn. Ct. App. filed August 18, 1999, at Jackson). Furthermore, the record is inadequate to establish whether Mr. Linville was even subject to the jurisdiction of the trial court thereby implicating Rule 19.01 of the Tennessee Rules of Civil Procedure rather than Rule 19.02. Based on the state of the record before us, or lack thereof, we cannot find that Mr. Linville was an indispensable party to this lawsuit. Therefore, we cannot find that the trial court lacked jurisdiction because Mr. Linville was not made a party.

## IV. STANDING

The appellant next contends that the appellee did not have standing to initiate this lawsuit because the original consent order did not specifically provide for child support and the consent decree was not modifiable. The appellant correctly points out that, generally, consent decrees are

conclusive upon the parties and can be amended or vacated only by consent in the absence of fraud or mistake. *Clinchfield Stone Co. v. Stone*, 254 S.W.2d 8, 12 (Tenn. Ct. App. 1952). However, this Court has previously pointed out that "while the sanctity of consent decrees remains substantially inviolate in the field of domestic relations, particularly as pertains to alimony, child support, and related matters, courts have upon proper showing permitted modification of consent decrees." *Welch v. Welch*, No. 2, Shelby County (Tenn. Ct. App. filed December 26, 1990, at Jackson) (citing *Dillow v. Dillow*, 575 S.W.2d 289 (Tenn. Ct. App. 1978) (holding that there had not been a sufficient change in circumstance to warrant changing a consent decree with regard to child support and thus implying that, upon a proper showing, a consent decree is modifiable on the issue of child support)). Therefore, upon a proper showing, a consent decree regarding child support is modifiable. Furthermore, the appellant cites no authority for the proposition that the juvenile court could not order child support where the original consent order regarding custody did not provide for it. Consent decrees that deal with the issues of custody and child support must remain modifiable in order to accommodate the best interest of the child at the time of the decree and subsequent to such decree.

We must next determine whether the appellee had standing to seek such child support. As this Court has previously set out, the standing doctrine provides the courts with a vehicle to determine whether a particular party is entitled to judicial relief. *See Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976). The court must determine whether the party seeking relief has a sufficient stake in the outcome of the controversy to warrant the exercise of the court's authority on its behalf. *See Metropolitan Air Research Testing Auth., Inc. v. Metropolitan Gov't*, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992) (citing *Browning-Ferris Indus., Inc. v. City of Oak Ridge*, 644 S.W.2d 400, 402 (Tenn. Ct. App. 1982)). Clearly the appellee, as the child's legal custodian, had standing to seek child support for the child's care.[2]

## V. PROCEDURAL RULES[3]

The appellant next contends that the juvenile court failed to follow the Tennessee Rules of Civil Procedure and the Rules of Juvenile Procedure. The appellant initially argues that her right to a jury trial was denied. We note that although the appellant requested a jury trial in at least two of her pleadings, the record does not indicate that the appellant was ever granted a jury trial, that such request was denied, that the appellant in any way followed through with her request for a jury by way of objection or motion, or that she brought her request to the attention of the trial court. Rule 36(a) of the Tennessee Rules of Appellate Procedure provides that relief will not be granted to a party

---

[2] The appellant also argues that the appellee lacked standing to initiate this suit because Mr. Linville was not a party to the action. However, as previously stated, we cannot find that Mr. Linville was an indispensable party to this action. Additionally, we cannot find that the appellee somehow lost standing to initiate this lawsuit based on the absence of Mr. Linville.

[3] The appellant references her previous argument regarding joinder and asserts that the trial court violated the Tennessee Rules of Civil Procedure when it did not join Mr. Linville as an indispensable party. As we have already addressed the substance of this issue, we will not revisit this issue.

responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error. Therefore, on the state of the record before us, we cannot find that the appellant is entitled to relief on this issue.

The appellant next contends that her request for a stay of the proceedings until Mr. Linville was joined as a third party respondent was reasonable and should have been granted to prevent prejudice to the appellant's right to try her divorce from Mr. Linville and child support contribution apportionment with Mr. Linville prior to the determination of the appellant's obligation in the instant case. However, as we have previously pointed out, the record is sparse, if not barren, with regard to any evidence as to why the appellant failed to follow through with her petition to join Mr. Linville as a third party respondent. In light of the fact that it was the appellant's inaction that contributed to Mr. Linville's absence and that the appellant has not supplied this Court with enough evidence in the record, or a statement of the evidence, to fully review this issue, she is not entitled to relief for any harm that resulted from this error. *See* Tenn. R. App. P. 24(b), 36(a).

The appellant further argues that her motion to dismiss should have been granted. However, the appellant fails to cite any law or evidence to support such argument. In fact, the appellant's argument is nothing more than an unsupported assertion. In light of the foregoing, coupled with the lack of evidence in the record, we cannot find that the trial court abused its discretion in refusing to grant the appellant's motion to dismiss.

The appellant next argues that the trial court erred in holding her responsible for the witness fees of the counselor from The Guidance Center because the appellee failed to offer proof that such costs and fees were reasonable and necessary pursuant to Rule 54.04(2) of the Tennessee Rules of Civil Procedure. We first note that trial judges are afforded a great deal of discretion when considering a motion for discretionary costs. Absent a clear abuse of discretion, appellate courts generally will not interfere with a trial court's assessment of costs. *See Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56, 60 (Tenn. 1992). The juvenile court referee ruled, and the trial court affirmed, that the expert's expenses were reasonable and necessary and such expenses were assessed against the appellant. The appellant's argument fails because the appellant did not provide this Court with an adequate record upon which to review this issue. We cannot find a clear abuse of discretion on the part of the trial court in awarding the appellee the fees of the expert witness.

The appellant also argues that the trial court erred in granting the appellee's attorney's fees because such fees are not generally allowable as discretionary costs under Rule 54.04 of the Tennessee Rules of Civil Procedure. The trial court found that, as the petitions pursued by the appellee in this matter were for the benefit of the minor child, the appellee's request for attorney's fees was reasonable and proper. We first note that the Tennessee Supreme Court has held that awards of "legal expenses in custody or support proceedings are 'familiar and almost commonplace.'" *Sherrod v. Wix*, 849 S.W.2d 780, 785 (Tenn. Ct. App. 1992) (quoting *Deas v. Deas*,

774 S.W.2d 167, 170 (Tenn. 1989)).[4] In addition, such awards are "not primarily for the benefit of the custodial parent but rather to facilitate a child's access to the courts." *Sherrod*, 849 S.W.2d at 784. Furthermore, Tennessee Code Annotated § 36-5-103(c) states that the person to whom custody is awarded may recover reasonable attorney's fees incurred in any action concerning the initial adjudication of custody or support or a subsequent change in custody or support. *See Dean v. Compton*, No. M1998-00052-COA-R3-CV, Davidson County (Tenn. Ct. App. filed March 30, 2000, at Jackson). In light of the foregoing, we cannot find that the trial court abused its discretion in awarding the appellee $450.00 in attorney's fees or that the evidence preponderates against such an award. *See Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995); Tenn. R. App. P. 13(d).

The appellant finally asserts that the trial court violated Rule 22 of the Tennessee Rules of Juvenile Procedure. In support of this argument, the appellant merely quotes the rule. However, the appellant makes no attempt to specifically explain how the trial court violated this rule. It appears that she is arguing that the trial court did not have the authority to modify its previous order. However, a consent order may be modified where there is a change of circumstances, by agreement between the parties with the approval of the court, or by order of the court upon notification to the parties and a hearing. Tenn. R. Juv. P. 22(c). The record establishes that the consent order was modified by an order of the trial court after a hearing at which the parties were present. As such, the juvenile court did not violate the Rules of Juvenile Procedure by modifying its earlier order.

## VI. CHILD SUPPORT

The appellant next contends that the trial court unjustly and inappropriately applied the Tennessee Child Support Guidelines in a proceeding between a legal guardian and only one of the child's parents. We first note that parents are the joint natural guardians of their minor children and are equally and jointly charged with their care, nurture, welfare, education, and support. *State ex rel. Grant v. Prograis*, 979 S.W.2d 594, 600-01 (Tenn. Ct. App. 1997) (citing Tenn. Code Ann. § 34-11-102(a)). However, we are aware of no law, statutory or otherwise, that allows for one parent to evade child support simply because the other parent has not yet been held accountable. One of the purposes of the Child Support Guidelines is to decrease the number of impoverished children living in single parent families. Tenn. Comp. R. & Regs. ch. 1240-2-4-.02(2)(a). These guidelines are typically engaged when one parent petitions the courts for an order of child support against the child's other parent. However, the guidelines state that they are applicable "in any action brought to establish or modify child support." Tenn. Comp. R. & Regs. ch. 1240-2-4-.02(3). In fact, these guidelines are applicable where the State has custody of a child and is seeking an order of child support from one or both parents. *See* Tenn. Code Ann. §§ 37-1-151(Supp. 2000); 36-5-101(e)(Supp. 2000). Furthermore, "[a]lthough actions for reimbursement are usually brought in the name of the supporting parent, the proceeding is primarily and basically on behalf of the minor child." *Grant*, 979 S.W.2d at 601.

---

[4] While *Sherrod* is factually distinguishable from the case at bar, we can find no reason that this general rule would not be applicable in the case at bar.

In the case at bar, the appellee is the legal custodian of the child. The appellee is in the position of a custodial parent and the appellant is in the position of a non-custodial parent. As such, the Child Support Guidelines raise a rebuttable presumption that the appellant owes 21% of her net income for the support of her child. Tenn. Comp. R. & Regs. ch. 1240-2-4-.03(5). The fact that the appellee is the legal custodian of the child is irrelevant. A "child is entitled to support regardless of where [she] lives. The [parent's] duty of support is owed to the child, not to the [other parent]." *Hite v. Hite*, No. 03A01-9511-CV-00410, Greene County (Tenn. Ct. App. filed October 16, 1996, at Knoxville) (citing *Pickett v. Brown*, 462 U.S. 1, 103 S.Ct. 2199 (1983)). In fact, the Guidelines presume that the custodial parent, in this case the appellee as legal custodian, is contributing a like amount in child rearing expenses. This is not a case where the appellee is receiving any sort of unjust enrichment. The appellant is only being required to pay the amount required of a non-custodial parent under the guidelines. The child is entitled to support from the appellant regardless of the fact that the child is in the custody of her grandmother. Therefore, we find that it was proper for the trial court to apply the Child Support Guidelines in determining the amount of child support owed by the appellant.[5] Furthermore, based on the state of the record before us, we cannot find that there was not a significant variance upon which to base an award of child support. *See* Tenn. Code Ann. § 36-5-101(a)(1)(Supp. 2000); Tenn. Comp. R. & Regs. ch. 1240-2-4-.02(3); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994)(holding that in the absence of a transcript or statement of evidence, the appellate court must conclusively presume that every admissible fact under the pleadings was found or should have been found favorably to the appellee). We affirm the trial court's award of child support in the amount $290.00 per month.

## VII. FEES[6]

The appellant contends that the trial court erred in granting the appellee the child's orthodontic expenses because such expenses were not provided for in the original order. However, the original order specifically sets out that the appellant and Mr. Linville are to "pay all medical, eye, drug, or dental expenses incurred for the benefit of the child that is not covered by insurance." In addition, the juvenile court referee found that the evidence established that the appellant had entered into an agreement with the orthodontist to make payments on the child's braces. However, the appellant stopped making such payments. In light of the foregoing, we cannot find that the trial court abused its discretion in ordering the appellant to pay such fees.

---

[5] As we have found the award of child support proper, we also find that the trial court properly awarded the appellee child support arrearage that had accumulated since the filing of appellee's petition to set child support.

[6] In this section of her brief the appellant contends that the trial court erred in granting the appellee expert witness fees and attorney's fees. However, as we have already addressed these issues, we will not revisit such issues in this section.

## VIII. CONCLUSION

Accordingly, the order of the trial court is affirmed in all respects. Remand this cause to the Juvenile Court for Rutherford County for any further proceedings necessary. Tax the costs on appeal to the appellant, Susan Faye Linville.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.