IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 22, 2019 Session

**CARLA JO CAPPS JONES v. JOSEPH R. JONES**

**Appeal from the General Sessions Court for Campbell County**
**No. 2014-DR-102          Amanda Sammons, Judge**

_____

**No. E2019-00037-COA-R3-CV**

_____

In this post-divorce action, the husband sought to modify his alimony obligation to the wife. The trial court denied the husband's petition to modify, determining that the husband had failed to prove that a substantial and material change in circumstance had occurred since entry of the divorce decree. The husband has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Robert R. Asbury, Jacksboro, Tennessee, for the appellant, Joseph R. Jones.

Terry M. Basista, Jacksboro, Tennessee, for the appellee, Carla Jo Capps Jones.

**OPINION**

I. Factual and Procedural Background

On August 1, 2014, the plaintiff, Carla Capps Jones ("Wife"), filed a complaint seeking a divorce from the defendant, Joseph R. Jones ("Husband"), in the Campbell County General Sessions Court ("trial court"). According to Wife, the parties had been married since March 1989 and had one minor child.[1] Wife concomitantly filed the parties' signed and notarized marital dissolution agreement ("MDA"), wherein the parties agreed that Husband would pay to Wife $3,577 monthly, representing both his alimony and child support obligations. The MDA specifically stated that "after determination of

_____

[1] Subsequent pleadings reveal that the parties also had an adult child.

child support[,] remaining balance shall be alimony." The MDA provided that Wife would retain the marital residence and two additional lots of real property and would also be responsible for the attendant debt related thereto. It further provided that Husband would retain his retirement account and that each party would keep the personalty in his or her possession.

On August 12, 2014, Wife filed an agreed permanent parenting plan ("PPP"), which provided that Wife would be the primary residential parent of the minor child and would exercise 280 days per year of co-parenting time, with Husband enjoying 85 days of co-parenting time annually. The PPP failed to set forth a specific schedule for Husband's co-parenting time; rather, it simply stated that Husband "shall exercise parenting time by agreement." The PPP specified that Husband would pay child support to Wife in the amount of $765 per month based upon the parties' respective incomes and the calculation contained in the attached child support worksheet.

Thereafter, the parties filed an amended MDA, which additionally provided that Husband had quitclaimed his interest in the marital home to Wife. The trial court entered a final decree of divorce on November 5, 2014, referencing and approving the parties' amended MDA.

Three years later, on November 1, 2017, Husband filed a petition in the trial court seeking to modify his alimony obligation. Husband averred that he had not been represented by counsel during the divorce proceedings. He argued that the alimony provision in the parties' amended MDA was deficient because it did not state whether the alimony award was in the nature of *in futuro*, rehabilitative, or transitional alimony. Husband also contended that the alimony award should be modified because Wife was awarded a greater share of the marital property and Husband was paying over one-half of his monthly income to Wife. Wife filed an answer, wherein she pointed out that Husband had appeared in court and agreed to the MDA's provisions at the time of the divorce.

The trial court conducted a hearing concerning Husband's petition on June 29, 2018, and October 22, 2018. The court subsequently entered an order on December 7, 2018, determining that the petition for modification should be denied. The court noted that Husband's monthly child support obligation had been set at $765 per month pursuant to the agreed PPP and that neither party had disputed this obligation. Furthermore, the court found that because the alimony award was for an indefinite time period, it was properly characterized as alimony *in futuro*. Although acknowledging that an award of alimony *in futuro* was modifiable upon a proper showing of a substantial and material change in circumstance, the court determined that Husband had failed to prove such a change in this case. The court specifically found in pertinent part:

> Although Husband testified under oath that he is no longer able to pay the alimony that he obligated himself to pay back in 2014, the Court finds that

Husband has failed to meet his burden of proving that a substantial and material change in circumstances has occurred such as would allow a modification of alimony at this time. To the contrary, Husband's finances have improved since the parties divorced. His income has risen, though slightly. He is now remarried, although he declines to testify about or even acknowledge his current household income. Husband's main assertion is that his debt-to-income ratio has been detrimentally affected by several factors, including his name remaining on the deed to the former marital residence, his current credit card and personal debt, and his requirement to continue paying alimony and the fee for Wife's car tags. Yet none of these rises to the level of constituting a substantial and material change of circumstances.

Thus, based on the testimony of the parties, the evidence presented, the argument of counsel and the applicable law, the Court does not find that any substantial or material change in circumstances has arisen such as would allow the court to amend the prior agreement of these parties. Husband agreed to pay alimony to the Wife in the amount specified in the Amended Marital Dissolution Agreement for an indefinite period of time. Wife was married to Husband for twenty-five (25) years, relinquishing income-earning potential in exchange for operating a home and rearing the parties' minor children. No substantial or material change in circumstances has arisen which would allow the court to modify this agreement.

Husband timely appealed.

## II. Issues Presented

Husband presents the following issues for our review, which we have restated slightly:

1.  Whether the trial court erred by determining that no substantial and material change in circumstance had occurred that would allow modification of the alimony provision in the parties' MDA.

2.  Whether the trial court erred by characterizing the alimony award in the MDA as alimony *in futuro*.

3.  Whether the trial court erred by failing to address the combined award of child support and alimony in the parties' MDA.

## III. Standard of Review

We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002).

Marital dissolution agreements are contractual and, once approved by the trial court, "become legally binding obligations on the parties." *Long v. McAllister-Long*, 221 S.W.3d 1, 8-9 (Tenn. Ct. App. 2006), *perm. app. denied* (Tenn. Jan. 29, 2007). However, obligations concerning the two "notable exceptions" of child support and alimony do remain modifiable by the courts. *Id.* at *9 n.7. We review issues of contract interpretation *de novo*. *See Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013). As this Court has previously explained:

> In resolving a dispute concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contract language. *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 889-90 (Tenn. 2002) (citing *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). A determination of the intention of the parties "is generally treated as a question of law because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide." *Planters Gin Co.*, 78 S.W.3d at 890 (citing 5 Joseph M. Perillo, *Corbin on Contracts*, § 24.30 (rev. ed. 1998); *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001)). The central tenet of contract construction is that the intent of the contracting parties at the time of executing the agreement should govern. *Planters Gin Co.*, 78 S.W.3d at 890. The parties' intent is presumed to be that specifically expressed in the body of the contract. "In other words, the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed in the language used and to give effect to such intent if it does not conflict with any rule of law, good morals, or public policy." *Id.* (quoting 17 Am. Jur. 2d, Contracts, § 245).

*Kafozi v. Windward Cove, LLC*, 184 S.W.3d 693, 698 (Tenn. Ct. App. 2005), *perm. app. denied* (Tenn. Jan. 30, 2006).

With regard to the standard of appellate review applicable when a modification of alimony is at issue, our Supreme Court has explained:

> Because modification of a spousal support award is "factually driven and calls for a careful balancing of numerous factors," *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn. Ct. App. 1989), a trial court's decision to modify support payments is given "wide latitude" within its range of discretion, *see Sannella v. Sannella*, 993 S.W.2d 73, 76 (Tenn. Ct. App. 1999). In particular, the question of "[w]hether there has been a sufficient showing of a substantial and material change of circumstances is in the sound discretion of the trial court." *Watters v. Watters*, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999) (citations omitted). Accordingly, "[a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes." *Kinard v. Kinard*, 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998); *see also Goodman v. Goodman*, 8 S.W.3d 289, 293 (Tenn. Ct. App. 1999) ("As a general matter, we are disinclined to alter a trial court's spousal support decision unless the court manifestly abused its discretion.").

*Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001); *see also Wiser v. Wiser*, No. M2013-02510-COA-R3-CV, 2015 WL 1955367, at *3 (Tenn. Ct. App. Apr. 30, 2015), *perm. app. denied* (Tenn. Sept. 17, 2015).

## IV. Substantial and Material Change in Circumstance

Husband argues that the trial court erred by determining that he had failed to demonstrate a substantial and material change in circumstance sufficient to allow modification of the alimony provisions contained in the parties' MDA. Husband avers that he entered into the MDA without the benefit of counsel. Husband contends that since the parties' divorce, he has been paying seventy-one percent of his net income to Wife each month in alimony and child support. Husband further contends that he has been unable to obtain a mortgage or automobile financing, which he attributes to his alimony obligation and the fact that he remains indebted on the mortgage for the former marital residence.

Husband states that Wife received the parties' real property in the divorce with Husband receiving his retirement account. According to Husband, he cashed out such retirement account in the year following the divorce and applied the funds toward paying off a joint debt assigned to him in the divorce as well as to purchase items for Wife and himself. Husband has also remarried, and he and his current wife reside in a home solely owned by her. Husband postulates that these facts constitute a substantial and material change in circumstance warranting a decrease in his monthly alimony obligation.

- 5 -

Tennessee Code Annotated § 36-5-121(a) (2017) provides that a decree awarding alimony "shall remain in the court's jurisdiction and control, and, upon application of either party, the court may award an increase or decrease or other modification of the award based upon a showing of a substantial and material change of circumstances." Concerning what constitutes a substantial and material change in circumstance, this Court has explained:

> The party seeking relief on the grounds of a substantial and material change in circumstances has the burden of proving such changed circumstances warranting an increase or decrease in the amount of the alimony obligation. *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn. [Ct.] App. 1990). The change in circumstances must have occurred since the entry of the divorce decree ordering the payment of alimony. *Elliot v. Elliot*, 825 S.W.2d 87, 90 (Tenn. [Ct.] App. 1991). Furthermore, the change in circumstances must not have been foreseeable at the time the parties entered into the divorce decree. *Id*. If the change in circumstances was anticipated or in the contemplation of the parties at the time they entered into the property settlement agreement, such changes are not material to warrant a modification of the alimony award. *Jones v. Jones*, 784 S.W.2d 349, 353 (Tenn. [Ct.] App. 1989).

> The decision to modify the alimony obligation is factually driven and requires a careful balancing of several factors. *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn. [Ct.] App. 1989). The factors set forth in T.C.A. § 36-5-101(d), applicable to the initial grant of spousal support and maintenance, where relevant, must be taken into consideration in determining whether there has been a change in circumstances to warrant a modification of the alimony obligation. *Threadgill v. Threadgill*, 740 S.W.2d 419, 422-23 (Tenn. [Ct.] App. 1987).

> While T.C.A. § 36-5-101(d) enumerates several factors for the court to consider, the need of the spouse receiving the support is the single most important factor. *Cranford*, 772 S.W.2d at 50. In addition to the need of the spouse receiving support, the courts most often take into consideration the ability of the obligor spouse to provide support. *Id*.

*Watters v. Watters*, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999).

The evidence adduced at trial demonstrated that the parties' financial situations at the time of trial were substantially the same as at the time of the divorce in 2014. Husband was employed in the same position that he held in 2014 but testified that he had received a slight salary increase of approximately $3,000 per year. Similarly, Wife

remained unemployed outside the home, focusing her energies on homeschooling the parties' daughter. Wife thus had no income and depended on Husband's monthly alimony payments to pay her bills. Wife presented a list of her monthly expenses, establishing that she utilized the entire amount of the alimony and child support awards to pay expenses for herself and the minor child, with little money remaining.

Husband testified that he had remarried approximately two and one-half years before the trial and relocated from his mother's home to a home owned by his current wife. According to Husband, he agreed to the terms of the MDA because he was living with his mother at the time and had few expenses. Husband stated that he currently could not obtain a loan for a car or home because his debt to income ratio was too high due to his obligation on the mortgage concerning the parties' former marital residence.

As the trial court found, the "only significant change which has occurred since the divorce is that husband has since remarried." However, this Court has explained that "the voluntary assumption of new obligations, including a subsequent marriage or children, does not constitute a change in circumstances." *Turnage v. Turnage*, No. 01A01-9409-CV-00424, 1995 WL 89778, at \*2 (Tenn. Ct. App. Mar. 1, 1995) (citing *Elliot v. Elliot*, 825 S.W.2d 87 (Tenn. Ct. App. 1991); *Dillow v. Dillow*, 575 S.W.2d 289, 291 (Tenn. Ct. App. 1978)). *See Stone v. Stone*, No. M1997-00218-COA-R3-CV, 2000 WL 1679434, at \*5 (Tenn. Ct. App. Nov. 9, 2000) (explaining that the "voluntary assumption of new financial obligations following a divorce," including remarriage, having additional children, purchasing a home, or moving to another state, do not amount to a substantial or material change in circumstance for alimony modification purposes).

Aside from his remarriage, the only change that Husband had experienced since the time of the divorce was a slight increase in his annual salary. Clearly, such a positive change would not warrant a decrease in his alimony obligation. Husband also asserts that Wife "has obtained sole title to the former marital home while keeping Husband obligated on the mortgage, [and] is not only paying all of her expenses from the child support and alimony award but is also able to put additional monies in savings." None of these circumstances, however, demonstrate a substantial and material change from the circumstances existing at the time of the divorce. *See, e.g., Stone*, 2000 WL 1679434, at \*5 (explaining that the parties could have foreseen that the obligee spouse would be able to "be frugal with her resources" and accumulate some savings following the divorce).

In short, Husband has failed to carry his burden of proving a substantial and material change in circumstance warranting a decrease in the amount of his alimony obligation. *See Watters*, 22 S.W.3d at 821. Although the parties' circumstances remain largely the same as they were at the time of the divorce, any small changes that have occurred were foreseeable at the time the parties entered into the divorce decree. The real crux of Husband's position appears to be his dissatisfaction with the alimony obligation to which he agreed. Such dissatisfaction, however, does not equate to a material change

in circumstance. Following our thorough review of the evidence presented, we conclude that the trial court did not abuse its discretion in determining that any changes that have occurred in the parties' circumstances post-divorce were not sufficiently substantial so as to warrant a modification of the alimony award. We therefore affirm the trial court's denial of Husband's petition to modify.

## V. Classification of Alimony Type

Husband asserts that the trial court erred by "characterizing the unspecified alimony award in the original action as alimony in futuro." The argument contained in Husband's appellate brief concerning this issue, however, focuses on whether alimony *in futuro* was warranted in the first place or whether rehabilitative or transitional alimony would have been appropriate. The problem with this argument is two-fold. First, at this point in the post-divorce proceedings, Husband's alimony obligation may only be modified upon a "showing of a substantial and material change of circumstances." *See* Tenn. Code Ann. § 36-5-121(a). As discussed earlier in this Opinion, Husband has failed to demonstrate such a change. Second, Husband failed to raise as an issue as to whether the trial court had an appropriate basis upon which to approve an award of alimony *in futuro* in the parties' MDA, and this Court can only address the issues raised in the statement of issues. *See Brunetz v. Brunetz*, 573 S.W.3d 173, 186 (Tenn. Ct. App. 2018), *perm. app. denied* (Tenn. Jan. 18, 2019); *Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) ("We may consider an issue waived where it is argued in the brief but not designated as an issue.").

Concerning the type of alimony obligation assumed by Husband in the MDA, the trial court noted that "its indefinite character renders it alimony *in futuro*." We agree. *See Brewer v. Brewer*, 869 S.W.2d 928, 935 (Tenn. Ct. App. 1993) (determining that an alimony obligation consisting of monthly payments for an indefinite period should properly be characterized as alimony *in futuro*). *See also Burlew v. Burlew*, 40 S.W.3d 465, 472 (Tenn. 2001) (noting the indefinite nature of an alimony *in future* award); *Isbell v. Isbell*, 816 S.W.2d 735, 739 (Tenn. 1991) (holding that an alimony *in futuro* award consists of "an indefinite amount over an indefinite period of time"). Moreover, both parties' counsel conceded at trial that the alimony obligation was properly characterized as alimony *in futuro*, which resulted in the obligation being modifiable upon a proper showing. We therefore determine Husband's second issue to be unavailing.

## VI. Interplay of Alimony and Child Support Awards

Husband's final issue concerns whether the trial court erred by failing to address the "combined" nature of the award of alimony and child support in the MDA, which Husband characterizes as improper. In so arguing, Husband relies upon this Court's opinion in *Lubell v. Lubell*, No. E2014-01269-COA-R3-CV, 2015 WL 7068559, at *4 (Tenn. Ct. App. Nov. 12, 2015). *Lubell* involved a final decree of divorce wherein the

trial court ordered that the amount of transitional alimony awarded to the wife would be inclusive of child support, such that the wife would receive "$2,750.00 monthly combined alimony and child support for three years, followed by $2,000.00 monthly combined alimony and child support for three years, followed by $1,750.00 monthly alimony for two years, followed by $1,000.00 monthly alimony for two years." *Id*. at *3. Upon this Court's review of such award, we concluded that the trial court erred in combining alimony and child support into one "capped" amount. *Id*. at *19. In so ruling, this Court explained:

> Because child support must remain modifiable and cannot therefore be "capped" at a maximum amount, we conclude that the trial court erred in this regard as a matter of law. *See* Tenn. Code Ann. § 36-5-101(g)(1) (Supp. 2015) ("Upon application of either party, the court shall decree an increase or decrease of support when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered . . . ."); Tenn. Comp. R. & Regs. 1240-02-04-.05 (providing for modification of child support orders upon demonstration that a significant variance exists, as calculated under the Income Shares Guidelines, since entry of the original order); *see also Kaplan v. Bugalla*, 188 S.W.3d 632, 636 (Tenn. 2006).

*Id*. Inasmuch as the *Lubell* Court had already determined that the type of alimony awarded would be modified from transitional to *in futuro*, the Court set a separate amount of monthly alimony based on the evidence and the statutory factors and remanded the child support issue for calculation in accordance with the Child Support Guidelines. *Id*. at *21.

We find the alimony provision contained in the parties' MDA in this matter to be distinguishable from the trial court's award of "capped" alimony and child support in *Lubell*. In the case at bar, the parties calculated Husband's child support obligation to be $765 per month based on the Child Support Guidelines. The MDA provided that Husband would pay to Wife a total of $3,577 monthly, representing both his alimony and child support obligations. The MDA specifically stated that "after determination of child support[,] remaining balance shall be alimony." As such, Husband's alimony obligation of $2,812 per month is easily calculated as a separate amount. Moreover, neither the child support award nor the alimony award was "capped," and either award could be modified upon a proper showing. We therefore find that Husband's reliance on *Lubell* as a basis for modifying his alimony obligation is misplaced.

## VII. Conclusion

For the foregoing reasons, we determine that the trial court's judgment denying Husband's petition to modify his alimony obligation should be affirmed. Costs on appeal are taxed to the appellant, Joseph R. Jones. This case is remanded to the trial court for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE